| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

William Harris, §
§
      Plaintiff, §
§
versus §     Civil Action H-12-393
§
Patricia Lykos, §
§
      Defendant. §

## Opinion on Dismissal

1. In September of 2002, a jury found William Harris guilty of strangling his wife and sentenced him to sixty-five years in prison.

2. A decade later, he sued the Harris County District Attorney under section 1983 of the Civil Rights Act of 1871 because he wants a new trial, post-conviction DNA evidence, and a declaration that his constitutional rights were violated.

3. He has lost three times in the Texas court of appeals and once on a petition for a writ of habeas corpus in this court.[1] Every court that has reviewed his claims has concluded that DNA evidence would not be exculpatory.

4. This suit is a petition for a writ of habeas corpus disguised as a claim under section 1983 of the Civil Rights Act of 1871. He was allowed to amend his complaint, and the new version repeats the same delusion that he has been telling courts for ten years to no avail.

---

[1] Harris v. State, 2008 WL 5651469, at *3 (Tex App. - Hous., 2009); In re Harris, 2010 WL 3294180, at *1 (Tex. App. - Hous., 2010); Harris v. State, 2011 WL 662955, at *1 (Tex. App. - Hous. 2011); Harris v. Dretke, No. 06-626 (S.D.T.X. Feb. 8, 2007).

5. Texas requires people who want production of post-conviction DNA evidence to show by a preponderance that it would be exculpatory. This does not offend principles of "justice so rooted in the traditions and conscience of our people as to be fundamental."[2] Our traditions require exclusion – not inclusion – of irrelevant and unhelpful evidence. The law in Texas is similar to the federal rule – both of which are efficient and consistent with our constitutional protection of accuseds.[3]

6. Even if this court reviewed Harris's claims de novo, he would lose. Three witnesses saw him at his wife's apartment on the day of the murder. They also saw him put a body in a Lincoln Navigator registered to him. Another person's DNA at the scene of the crime would not show by a preponderance of evidence that he is innocent.

7. He and his wife were about to be divorced by her decision. Weeks before the murder, he told doctors he had been thinking about killing his wife. Assuming, for instance, that the vaginal DNA was not Harris's or hers, that could, among other things, explain his motive – a jealous rage over her new boyfriend.

8. Because Harris had abundant post-conviction remedies and his claims are not supported by the facts, his suit will be dismissed with prejudice.

Signed on June 18, 2013, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[2] District Attorney's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 69 (2009).

[3] See, e.g., Garcia v. Castillo, 2011 WL 2623580, at *2-3 (5th Cir. July 1, 2011).